USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    INFORMATION

       -v.-                     :
                                           S5 07 Cr. 3 (BSJ)
MARK HART,                       :
  a/k/a "Movements,"
                                :

          Defendant.
- - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1. From in or about 1998, up to and including in or about 2004, in the Southern District of New York and elsewhere, MARK HART, a/k/a "Movements," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that MARK HART, a/k/a "Movements," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one hundred kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The United States Attorney further charges:

3. In or about May 2003, in the Southern District of New York, MARK HART, a/k/a "Movements," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HART, the defendant, and others known and unknown, agreed to commit a robbery of individuals they believed to be in possession of narcotics and narcotics proceeds.

## Overt Act

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

   a. In or about early May 2003, in the Bronx, New York, MARK HART, a/k/a "Movements," the defendant, provided information to others regarding individuals he believed to be in possession of narcotics and narcotics proceeds in order to facilitate the robbery of those narcotics and narcotics proceeds.

(Title 18, United States Code, Section 1951.)

**FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO**

5.  As the result of committing the offense in violation of Title 18, United States Code, Section 1951, alleged in Count Two of this Information, MARK HART, a/k/a "Movements," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

6.  As a result of committing the controlled substance offense alleged in Count One of this Information, MARK HART, a/k/a "Movements," the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Two of this Information, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

<u>Substitute Asset Provision</u>

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)   cannot be located upon the exercise of due diligence;

      (b)   has been transferred or sold to, or deposited with, a third person;

      (c)   has been placed beyond the jurisdiction of the Court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

                                          _____
                                          MICHAEL J. GARCIA
                                          United States Attorney